NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

KRISTOPHER COLLEN CASAS, *Appellant.*

No. 1 CA-CR 24-0334

FILED 01-22-2026

Appeal from the Superior Court in Maricopa County
No. CR2021-002244-001
The Honorable Mark H. Brain, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

Zhivago Law PLLC, Phoenix
By Kerrie Droban Zhivago
*Counsel for Appellant*

## MEMORANDUM DECISION

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Andrew J. Becke and Judge Kent E. Cattani joined.

**T H U M M A,** Judge:

**¶1**         Defendant Kristopher Collen Casas appeals his aggravated assault conviction and sentence. Casas' counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), certifying that, after a diligent search of the record, she found no arguable questions of law. Counsel asks this court to search the record for reversible error. Casas had the opportunity to file a supplemental brief but did not do so. Having reviewed the record, Casas' conviction and sentence are affirmed.

## FACTS AND PROCEDURAL HISTORY

**¶2**         This court views the facts in the light most favorable to sustaining the conviction and resolves all reasonable inferences against Casas. *State v. Fontes*, 195 Ariz. 229, 230 ¶ 2 (App. 1998). Casas and victim A.P. were in a romantic relationship for a time in 2020. On December 30, 2020, A.P. and Casas met at a skate park in Maricopa County and went for a hike.

**¶3**         The two argued during the hike. Casas yelled at A.P., grabbed her by the throat, threw her to the ground and strangled her until she lost consciousness. A.P. suffered multiple injuries. She told Glendale Police that Casas: (1) strangled her; (2) pointed a gun near her feet and fired twice; (3) walked her down a mountain that they hiked and back to her car; (4) sexually assaulted her orally and vaginally and (5) injured her with a knife.

**¶4**         The State charged Casas with three counts of aggravated assault (two Class 3 felonies and one Class 4 felony); one count of kidnapping, a Class 2 felony; and two counts of sexual assault, Class 2 felonies. *See* Ariz. Rev. Stat. (A.R.S.) §§ 13-1204 (aggravated assault); 13-1304 (kidnapping); 13-1406 (sexual assault) (2026).[1] The State alleged all

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

charges were domestic violence offenses. *See* A.R.S. § 13-3601(A)(6). Other than the Class 4 aggravated assault charge, the State alleged the offenses were dangerous offenses. *See* A.R.S. § 13-105(13).

**¶5** The court held a nine-day trial with a 12-member jury. Ten witnesses testified and more than 100 exhibits were admitted in evidence. At the close of the State's case-in-chief, Casas moved for a judgment of acquittal, which the court denied. *See* Ariz. R. Crim. P. 20. Casas elected not to testify, as was his right.

**¶6** The jury found Casas guilty of the Class 4 felony aggravated assault, but acquitted him of all other counts. The jury found the conviction was a domestic violence offense. The State had alleged as aggravating circumstances: (1) the offense caused emotional harm, *see* A.R.S. § 13-701(D)(9); (2) the offense caused physical harm, *see* A.R.S. § 13-701(D)(9) and (3) A.P.'s age, *see* A.R.S. § 13-701(D)(27). The jury found the State proved the offense caused physical harm, but had not proved the other aggravating circumstances.

**¶7** The parties stipulated before sentencing that Casas had one prior felony conviction. The court sentenced Casas to a greater than presumptive five year prison term, awarding him 783 days of presentence incarceration credit. *See* A.R.S. § 13-712(B).

**¶8** This court has jurisdiction over Casas' timely appeal under Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1), 13-4031 and 13-4033(A).

## DISCUSSION

**¶9** This court has read and considered counsel's brief and has reviewed the record for arguable issues of reversible error, and has found none. The record reflects that the superior court afforded Casas all his constitutional and statutory rights and that it conducted the proceedings in compliance with the Arizona Rules of Criminal Procedure. Casas was present and represented by counsel at all critical stages. The evidence presented at trial was sufficient to support the jury's verdict. The jury was properly composed and instructed, and there is no evidence of misconduct. Casas' sentence falls within the range prescribed by law, with proper credit given for presentence incarceration.

## CONCLUSION

¶**10**　　　Casas' conviction and sentence are affirmed. Unless defense counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review, her obligations regarding Casas' appeal will end after informing him of the outcome of this appeal and his future options. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Casas has 30 days from the date of this decision to proceed, if he desires, with a pro per motion for reconsideration or a petition for review in the Arizona Supreme Court. *See* Ariz. R. Crim. P. 31.3(a), 31.20(c), 31.21(b)(2)(A).



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:　　　JR